**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DARREL TAVARES, | |
| Plaintiff, | CIVIL ACTION NO. 3:CV-13-1654 |
| v. | (JUDGE CAPUTO) |
| UNITED STATES OF AMERICA, | (MAGISTRATE JUDGE CARLSON) |
| Defendant. | |

**MEMORANDUM**

Presently before the Court for review is the Report and Recommendation (Doc. 18) of Magistrate Judge Martin C. Carlson to Plaintiff Darrel Tavares' ("Tavares") Motion to Enforce Terms of Settlement Agreement (Doc. 15). For the reasons that follow, the Report and Recommendation will be adopted and Tavares' motion to enforce the settlement will be denied.

**I. Background**

Tavares commenced this action against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2401 *et seq*. and 28 U.S.C. § 2671 *et seq*., after he was served spoiled meat at USP Canaan. The parties were ordered to participate in mandatory mediation, (Docs. 7; 10), and, on August 29, 2013, the mediator reported that the action had been settled. (Doc. 12.) The action was dismissed without prejudice to the right of either party, upon good cause shown, to reinstate the action within ninety (90) days if settlement was not consummated. (Doc. 13.)

Thereafter, on May 2, 2014, Tavares filed a motion to enforce the settlement. (Doc. 15.) According to Tavares, the United States violated the terms of the settlement agreement by failing to pay the agreed upon monetary sum. In opposition to Tavares' motion, the United States responded that a full payment was made by the U.S. Treasury pursuant to the settlement agreement. However, the Treasury, a non-party to this litigation,

was statutorily mandated to offset the payments in this case in accordance with 31 U.S.C. § 3716.  Thus, the United States asserted that Tavares' settlement proceeds were issued from the Judgement Fund, but these proceeds were offset by a financial obligation previously incurred by Tavares.  And, the United States further indicated that the Judgment Fund will not release information regarding an inmate's claim to anyone other than the inmate, including members of the US Attorney's office.

On May 27, 2014, Magistrate Judge Carlson issued the instant Report and Recommendation. (Doc. 18.) Magistrate Judge Carlson recommends that Tavares' motion be denied because: (1) the United States substantially complied with its obligations under the settlement agreement; (2) Tavares received the benefit of the settlement payment through the reduction of his outstanding and pre-existing debts; (3) the application of the Treasury offset to this payment is mandated by law and is largely a non-discretionary function; (4) the statute and regulations creating the offset program provide ample due process protections to a prisoner prior to an offset, while also allowing for agency review of any offset decisions and judicial review of particular offsets, if necessary; (5) modifying or setting aside this offset could harm the interests of third parties; (6) Tavares is not entitled to additional, advance notice that the proceeds obtained in this settlement might at some later date be subject to a Treasury offset; and (7) vacating or setting aside the settlement would be fruitless because any judgment obtained by Tavares in this action would still remain subject to a potential Treasury offset.

Tavares filed timely objections to the Report and Recommendation, (Doc. 21), and the United States filed a brief in opposition to those objections. (Doc. 22.)  The Report and Recommendation and Tavares' objections thereto are thus ripe for review.

## II. Legal Standard

Where objections to the Magistrate Judge's report are filed, the court must conduct

2

a *de novo* review of the contested portions of the report. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)).  However, this only applies to the extent that a party's objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984) (emphasis added).  In conducting a *de novo review*, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993).  Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Goney*, 749 F.2d at 7.  At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

### III. Discussion

As noted, Tavares filed timely objections to Magistrate Judge Carlson's recommendation to deny his motion to enforce the settlement.  Tavares raises four objections to the Report and Recommendation.  First, Tavares argues that he settled his claim under false pretenses because the settlement agreement itself provides that payment would only be sent to his inmate account. (Doc. 21, 2.)  Second, Tavares asserts he has been unsuccessful in attempting to discover the identify of the person to whom he owes a debt and he is unable to contest the offset without this information. (*Id.*) Third, Tavares contends that his due process rights were violated because he was not afforded the proper procedure in accordance with 31 U.S.C. § 3716. (*Id*. at 3)  Fourth, Tavares requests that

the Department of the Treasury be ordered to disclose information about his debt. (*Id*. at 3-4)

Tavares' objections will be overruled. Tavares' first objection is without merit because "the United States Attorney's Office is not responsible for [his] personal debts and did not have an additional responsibility to remind [him] in the settlement agreement that the funds would be offset. *United States v. Bailey*, No. 03-370, 2013 WL 5964447, at * 1 (D. Minn. Nov. 4, 2013).

Tavares' second objection is unconvincing because, based on privacy concerns, the United States is prohibited from obtaining the information relating to Tavares' outstanding debt. However, both the Magistrate Judge and the United States have provided Tavares with contact information that would allow him to obtain details regarding the debt and the corresponding offset.

Tavares' third objection will be overruled because "[n]either the United States nor the United States Attorney's Office has the obligation to notify a debtor of the possibility that a settlement award may be or will be offset under the TOP, to provide the debtor with the opportunity to dispute the debt or make other payment arrangements, or to provide certification of the offset eligibility and that TOP due process protections have been provided. Rather that obligation lies with the creditor agency that is attempting to offset the debt with the settlement money." *Walker v. United States*, No. 13-205, 2014 WL 2505669, at *5 (M.D. Pa. June 3, 2014) (citing 31 U.S.C. § 3716(a), (c)(6)).

Tavares' final objection is also without merit. Specifically, while Tavares requests that the Department of the Treasury provide him specific information, the Department of the Treasury is not a defendant in this case. *Cf. Walker v. United States*, No. 13-205, 2014 WL 2505669, at *5 (M.D. Pa. June 3, 2014) (explaining that a prisoner challenging a TOP debt must exhaust his administrative remedies before seeking redress in federal court).

Lastly, Tavares' objections are similar to those raised by plaintiffs in other cases. And, those objections have been overruled by other members of this Court. *See, e.g., Walker v. United States*, No. 13-205, 2014 WL 2505669, at *1 (M.D. Pa. June 3, 2014) (Nealon, J.) (adopting report and recommendation, overruling the plaintiff's objections, and denying motion to reopen); *Cahill v. United States*, No. 13-1129, 2014 WL 2471234, at *1 (M.D. Pa. May 29, 2014) (Caldwell, J.) (adopting report and recommendation, overruling the plaintiff's objections, and denying motion to enforce settlement).  Accordingly, as Tavares' objections are without merit, they will be overruled.

## IV. Conclusion

For the above stated reasons, the Report and Recommendation will be adopted and Tavares' motion to enforce the settlement will be denied.

An appropriate order follows.

September 2, 2014  /s/ A. Richard Caputo
Date  A. Richard Caputo
  United States District Judge